**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SAUL ALEXANDER RIVAS CASTILLO,<br>*Plaintiff,*<br><br>v.<br><br>TODD BLANCHE, *et al.*<br>*Defendants*. | Civil No. ELH-26-157 |

**ORDER**

On January 16, 2026, plaintiff Saul Alexander Rivas Castillo filed a Complaint against United States Citizenship and Immigration Services ("USCIS"); Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security ("DHS"); Sarah Kendall, in her official capacity as Acting Associate Director of USCIS; Pam Bondi, in her official capacity as Attorney General of the United States; Kash Patel, in his official capacity as Director of the Federal Bureau of Investigation ("FBI"); Carrie M. Selby, in her official capacity as the Acting Associate Director for Service Center Operations; Joseph B. Edlow, in his official capacity as Director of USCIS; and Kelly O. Hayes, in her official capacity as U.S. Attorney for the District of Maryland. ECF 1.[1] In particular, plaintiff petitioned this Court for a Writ of Mandamus to compel USCIS "to adjudicate his pending I-360, Petition for Amerasian, Widow(er), or Special Immigrant[.]" *Id.* at 1.

[1] Noem is no longer the Secretary of DHS, and Bondi is no longer the U.S. Attorney General. Instead, those positions are now held by Markwayne Mullin and Todd Blanche, respectively. A public "officer's successor is automatically substituted as a party," pursuant to Fed. R. Civ. P. 25(d), when the public officer was sued in her official capacity and subsequently ceases to hold office during the pendency of the case.

Plaintiff was required to serve defendants by April 16, 2026. *See* Fed. R. Civ. P. 4(m). Plaintiff did not do so. Accordingly, on April 22, 2026, I issued an Order directing plaintiff to submit proposed summonses by May 1, 2026, and to effect service by June 15, 2026. ECF 3. In the alternative, I directed plaintiff to "show cause by June 15, 2026, as to why the claim against defendants should not be dismissed under Fed. R. Civ. P. 4(m) and Local Rule 103.8, without prejudice, for failure to effect service of process." *Id.* at 2.

Plaintiff did not achieve service or show cause. Nevertheless, I issued another Order on July 1, 2026, directing plaintiff's counsel to submit a status report to the Court by July 15, 2026, "indicating whether plaintiff intends to pursue this suit." ECF 4. I added that, should plaintiff fail to respond by that date, I would dismiss the suit, without prejudice. *Id.* Plaintiff's counsel submitted a status report on July 15, 2026. ECF 5. Counsel stated, *id.* at 2: "Plaintiff intends to continue pursuing this suit and has at all times made good faith reasonable in efforts [sic] to serve the Defendants and will continue to do so in order to prosecute this case in a timely manner." Plaintiff also requested additional time to complete service and submitted proposed summonses for the defendants the same day. *Id.*; ECF 6.

By Order of July 16, 2026, I granted the extension request and directed plaintiff to effect service by August 17, 2026. ECF 7. Summonses were issued on that date. ECF 8. The docket does not reflect service, however. Nevertheless, I granted another extension on August 25, 2026, giving plaintiff until **September 15, 2026**, to effect service of process. *See* ECF 9. In the alternative, I requested plaintiff to "show cause by that date as to why the claim against defendants should not be dismissed under Rule 4(m) and Local Rule 103.8, without prejudice." *Id.* at 2.

As of this date, plaintiff has not filed proof of service as to any defendant, despite multiple extensions to do so. *See* ECF 3; ECF 7; ECF 9. Nor did plaintiff show cause by September 15, 2026, as requested. ECF 9.

Accordingly, it is this 25th day of September 2026, by the United States District Court for the District of Maryland, **ORDERED:**

1) This case is dismissed, without prejudice, for failure to effect service of process on defendants pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8 and for failure to comply with the Court's Order of August 25, 2026. *See* ECF 9.

2) It is further **ORDERED** that, by **October 15, 2026**, plaintiff may move to rescind this Order, for good cause shown, and seek to reopen the case.

/s/
Ellen Lipton Hollander
United States District Judge